Ray D. Hacke, OSB #173647
PACIFIC JUSTICE INSTITUTE
317 Court St. NE, Ste. 202
Salem, OR 97301
Phone: (503) 917-4409
Fax: (916) 857-6902
E-mail: rhacke@pji.org

Attorneys for Plaintiff
DALE DUPREE

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# EUGENE DIVISION

| | |
|---|---|
| DALE DUPREE, | ) Case No.: |
| | ) |
| | ) |
| Plaintiff, | ) **Complaint for Damages for Religious** |
| | ) **Discrimination in Violation of** |
| | ) **Title VII [42 U.S.C. § 2000e-2] and ORS** |
| | ) **659A.030(1)(a) and Aiding and Abetting** |
| | ) **Religious in Violation of ORS 659A.030(1)(g)** |
| | ) |
| | ) **JURY TRIAL REQUESTED** |
| | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| KAISER FOUNDATION | ) |
| HEALTH PLAN OF THE | ) |
| NORTHWEST dba KAISER | ) |
| PERMANENTE, A Corporation, | ) |
| | ) |
| Defendant. | ) |
| | ) |

COMPLAINT
1

Plaintiff DALE DUPREE hereby alleges as follows:

### INTRODUCTION

1.     On August 2, 2021, Defendant KAISER FOUNDATION HEALTH PLAN OF THE NORTHWEST ("KAISER") mandated that all of its employees nationwide must either be vaccinated for the SARS-CoV-2 virus ("COVID-19") by September 30, 2021, or obtain an approved medical or religious exemption.

2.     Plaintiff DALE DUPREE ("Plaintiff"), who worked for KAISER for nearly 30 years, sought a religious exemption from KAISER's vaccine mandate (the "Vaccine Mandate" or the "Mandate") due to his sincere religious beliefs.

3.     KAISER denied Plaintiff's religious exception request, placing him on unpaid leave in October 24, 2021, and gave him until November 30, 2021 to be vaccinated for COVID-19 or be fired. KAISER failed to offer a reasonable accommodation to Plaintiff in violation of Title VII of the federal Civil Rights Act of 1964 [42 U.S.C. § 2000e et. seq.] and Oregon's Unlawful Discrimination in Employment Act [ORS 659A.030(1)(a)].

### PARTIES

4.     Plaintiff refers to and hereby incorporates the foregoing paragraphs as though fully set forth herein.

5.     At all times relevant herein, Plaintiff was an employee protected by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.* as well as ORS 659A.030(1).

6.     Plaintiff is also, and at all times herein was, a practicing Christian and therefore a member of a protected class based on his religion.

7.     Defendant KAISER is headquartered in Oakland, California, and owns and operates hospitals and medical centers in multiple states, including Oregon.

8.    Defendant KAISER is an employer as defined by Title VII of the federal Civil Rights Act of 1964. *See* 42 U.S.C. § 2000e, *et. seq.*

## JURISDICTION

9.    Plaintiff refers to and hereby incorporates the foregoing paragraphs as though fully set forth herein.

10.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367 because this action arises under the laws of the United States, specifically 21 U.S.C. § 360bbb-3 and 42 U.S.C. § 2000e, *et seq*.

11.    This Court has supplemental jurisdiction over the state law claim(s) asserted herein pursuant to 28 U.S.C. § 1367(a) in that such claim(s) are related to and form part of the same case and controversy as Plaintiff's federal claim(s).

## VENUE

12.    Plaintiff refers to and hereby incorporates the foregoing paragraphs as though fully set forth herein.

13.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

14.    This Court is authorized to grant Plaintiff's prayer for relief regarding damages pursuant to Fed. R. Civ. P. 54 and the supplementary laws of the State of Oregon, as applicable under Fed. R. Civ. P. 69.

## FACTUAL ALLEGATIONS

15.    Plaintiff refers to and hereby incorporates the foregoing paragraphs as though fully set forth herein.

16.    Plaintiff was employed by Defendant KAISER for 29 years, beginning on June 22, 1992.  Plaintiff worked at KAISER's optical clinic at 10220 S.E. Sunnyside Road in Salem (the "Optical Clinic").

12. In August 2021, KAISER implemented a policy (the "Policy") requiring its employees to be vaccinated against COVID-19 by September 30, 2021, or to submit and be approved for either a religious or medical exemption.

13. The Policy required any KAISER employee who was not fully vaccinated or had not obtained an approved exemption by September 30, 2021, to follow workplace safety rules applicable to the unvaccinated.

14. Pursuant to the Policy, KAISER would place any employee who was not fully vaccinated or had not obtained an approved exemption by October 1, 2021 on unpaid administrative leave for up to 60 days in order to obtain either proof of vaccination or an approved exemption.

15. Pursuant to the Policy, if any employee was not fully vaccinated or had not obtained an approved exemption by November 30, 2021, KAISER would terminate the employee's employment on December 1, 2021.

16. Plaintiff is, and at all times relevant herein was, an adherent to the Christian faith. He holds sincere religious beliefs that prevent him from receiving the COVID-19 vaccination.

17. Plaintiff and all other KAISER employees received at their work e-mail addresses a link to KAISER's Human Resources ("HR") website, where they could fill out and submit a religious exemption request form.

18. Plaintiff timely submitted via KAISER's online employee portal a written request for a religious accommodation pursuant to, and in accordance with, federal law [42 U.S.C. § 2000e *et. seq.*] and Oregon law [ORS 659A.030(1)(a)]

19. On or about September 28, 2021, KAISER initially approved Plaintiff's religious exemption request. *See* Attached **Exhibit "A"** [a true and accurate copy of a screenshot of an e-mail from KAISER notifying Plaintiff that his religious exception request had been approved].

COMPLAINT
4

20.    By submitting his COVID-19 vaccine religious accommodation request, Plaintiff informed KAISER that his employment-related duty to comply with KAISER's COVID-19 Vaccine Mandate conflicted with sincerely held religious beliefs that rendered him unable to receive a COVID-19 vaccine.

21.    By initially approving Plaintiff's COVID-19 vaccine religious exemption, KAISER acknowledged Plaintiff's need for a religious exemption.

22.    While working in the Optical Clinic, Plaintiff took numerous precautions to avoid contracting and spreading COVID-19, as KAISER protocols required.  These precautions included wearing personal protective equipment ("PPE") such as masks, goggles and gloves; regularly using hand sanitizer and maintaining sanitized working areas; and submitting to health screenings prior to entering the workplace.

23.    Plaintiff was willing to continue following these protocols as well as submit to periodic testing for COVID-19 as a condition of maintaining his employment and would have done so had KAISER allowed him to.

24.    On or about October 26, 2021, KAISER notified Plaintiff via e-mail that his religious exception had been revoked.  *See* Attached **Exhibit "B"** [a true and accurate copy of a screenshot of said e-mail].  KAISER asserted that Plaintiff's request is "not based on a sincerely held belief in a religious doctrine or teaching that prevents you from getting any COVID-19 vaccine."

25.    In this same communication from October 26, 2021, KAISER informed Plaintiff that he needed to begin the COVID-19 vaccination process immediately to avoid being placed on unpaid leave and by November 30, 2021 to avoid having his employment terminated on December 1, 2021.

26.    KAISER had no appeals process in place for denials of religious exemptions.

27.    KAISER made no attempt to contact Plaintiff to clarify any questions about his religious exemption request or to attempt to accommodate Plaintiff. KAISER this did not engage in an interactive process as required under Title VII.

28.    KAISER placed Plaintiff on unpaid administrative leave in October 2021.

29.    Unable to receive a COVID-19 vaccine due to his sincere religious beliefs, Plaintiff did not begin the COVID-19 vaccination process.  Accordingly, KAISER placed Plaintiff on unpaid leave in October 2021 and fired him on December 1, 2021.

30.    Plaintiff has satisfied and exhausted all administrative remedies.

31.    Since KAISER placed him on unpaid leave two years ago and subsequently fired him, Plaintiff has lost more than $2,000 per month in salary and an additional $115 per month in health insurance benefits.

48.    Plaintiff has also suffered noneconomic damages – specifically, mental health issues from the stress of being discriminated against and for the loss of wages and benefits due to being unemployed.

49.    Plaintiff has mitigated his damages in part by taking early retirement and in part by obtaining other employment.  However, Plaintiff earns $15,000 less annually at his current job than he did with KAISER.

32.    On September 30, 2023, the Equal Employment Opportunity Commission issued a Determination and Notice of Rights (the "Right-to-Sue Letter"), informing Plaintiff of her right to sue KAISER in federal court.  A true and accurate copy of Plaintiff's Right-to-Sue Letter is attached hereto as **Exhibit "C."**

33.    Attached hereto as **Exhibit "D"** is proof that Plaintiff has timely filed the herein lawsuit pursuant to the deadline set forth in his Right-to-Sue Letter.

## FIRST CAUSE OF ACTION:
### Violation of Title VII
### [42 U.S.C. § 2000e-2]

34.    Plaintiff refers to and hereby incorporates the foregoing paragraphs as though fully set forth herein.

35.    Title VII of the federal 1964 Civil Rights Act prohibits employers from discriminating on the basis of religion.  42 U.S.C. § 2000e-2(a)(1).

36.    For purposes of Title VII, "[t]he term 'employer' means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year …"  42 U.S.C. § 2000e(b).

37.    Defendant KAISER qualifies as an employer under Title VII.  KAISER, a healthcare entity, is subject to the provisions of Title VII like any other employer.

38.    The term "religion," for purposes of Title VII, "includes **_all_** aspects of religious observance and practice, **_as well as belief_** …" 42 U.S.C. § 2000e(j) (emphasis added).

39.    As a practicing Christian, Plaintiff belongs to a class of persons protected under Title VII.  42 U.S.C. § 2000e-2(a)(1).

40.    Plaintiff has bona fide religious beliefs that render him unable to receive a COVID-19 vaccine.

41.    Plaintiff's bona fide religious belief against taking the COVID-19 vaccine conflicted with his employment-related duty to receive a COVID-19 vaccine in accordance with Defendant KAISER's COVID-19 Vaccine Mandate.

42.    Plaintiff informed his employer, Defendant KAISER, of the conflict between his religious beliefs and her employment-related duties.  The fact that KAISER initially granted Plaintiff a religious exception is proof of this.

43.    Defendant KAISER subjected Plaintiff to discriminatory treatment by subjecting him to three adverse employment actions: (1) Placing him on unpaid leave in October 2021, (2) threatening to terminate his employment if he did not receive a COVID-19 vaccine, and (3) terminating his employment on December 1, 2021.

44.    Despite initially granting him a religious exception from its COVID-19 Vaccine Mandate, Defendant KAISER made no real attempt to accommodate Plaintiff's sincerely held religious beliefs, nor did KAISER make any assertion to Plaintiff that KAISER would incur undue hardship by accommodating his beliefs. KAISER simply attempted to justify its decision to revoke the religious exception it initially granted to Plaintiff by asserting that his belief was not based on a sincerely held religious belief.

45.    Defendant KAISER could and should have provided reasonable accommodations for Plaintiff's beliefs, as accommodations that would have let Plaintiff continue working while significantly limiting the likelihood of spreading COVID-19 were available.

46.    Defendant KAISER offered no accommodations to Plaintiff, opting to take adverse employment actions against Plaintiff instead.

47.    Religious animus is truly what motivated Defendant KAISER to get rid of Plaintiff, any assertion KAISER might make to the contrary notwithstanding.

48.    Based on the foregoing, Defendant KAISER has discriminated against Plaintiff in violation of Title VII.

## SECOND CAUSE OF ACTION:
### Violation of State Law Prohibiting Religious Discrimination
### [ORS 659A.030(1)(a)]

65.    Plaintiff refers to and hereby incorporates the foregoing paragraphs as though fully set forth herein.

COMPLAINT
8

66.    Like Title VII, ORS 659A.030(1)(a) prohibits employers from discharging individuals from employment on the basis of the individuals' religion.

67.    Defendant KAISER is subject to ORS 659A.030(1)(a) like any other employer in the State of Oregon.

68.    Because Oregon's state law prohibiting employers from discriminating on the basis of religion is modeled after Title VII, and because the analysis for religious discrimination claims under both statutes is identical [*see Hedum v. Starbucks Corp.*, 546 F. Supp. 2d 1017, 1022 (D. Or. 2008)], Plaintiff declines to restate the facts as set forth in her first cause of action, as those facts are already incorporated as though fully set forth herein.

69.    KAISER has discharged Plaintiff on the basis of religion.

70.    Under 42 U.S.C. § 2000e-7, nothing in 42 U.S.C. § 1981a(b)(3), which caps the amount of non-pecuniary and punitive damages that can be awarded to Plaintiff, "shall be deemed to exempt or relieve any person from liability, duty, penalty, or punishment provided by any present or future law of any State[.]" In other words, an Oregon jury is free to exceed any applicable federal dollar limit in accordance with Oregon law.

71.    ORS 659A.885(3) allows for punitive damages against employers such as Defendant KAISER who violate ORS 659A.030(1)(a).  Oregon law places no cap on punitive damages.

72.    Based on the foregoing, in addition to violating Title VII, Defendant KAISER has violated ORS 659A.030(1)(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

## ON ALL CAUSES OF ACTION:

1.  For economic damages in an amount according to proof at trial;

2. For non-economic damages in an amount according to proof at trial;

3. For punitive damages in an amount according to proof at trial;

4. For attorney's fees and costs associated with bringing and maintaining this action in accordance with the law; and

5. For such other and further relief as the Court may deem proper.


Dated: December 14, 2023                         PACIFIC JUSTICE INSTITUTE
                                                 __/s/ RAY D. HACKE_____
                                                 Ray D. Hacke
                                                 Attorney for Plaintiff
                                                 DALE DUPREE

# EXHIBIT "A"



We received your request for a Religion-based exemption in connection with the COVID-19 Vaccination Requirement. CASE NUMBER: 40888062

Based on the information you provided, your Request for Exemption has been **APPROVED**. This approval is provisional -- the decision to approve, and actions taken to accommodate the exemption, are subject to change based on frequently changing conditions, such as COVID-19 infection levels, and changes in public health guidance, legal requirements, and KP policies and practices.

**Duration**: This approval is valid until further notice.

**Future Vaccination**: If your views change, and you no longer have a sincerely held religious belief, practice, or observance that prevents you from receiving any COVID-19 vaccine, please provide proof of full vaccination, here.

Until you are fully vaccinated*, you must comply with the safety rules specified for those unvaccinated or not fully vaccinated individuals reporting to work at any Kaiser Permanente facility or caring for patients in person at a non-KP Facility. These rules may require masking, social distancing, additional education on COVID-19 vaccines and safety training, and routine proof of negative COVID-19 test results. Also, there will be a need to assess whether your vaccination status limits your ability to perform your job functions in a manner that is both safe and complies with legal or public health mandates and KP policies, and if so, what the appropriate next steps are to address any such limitations. See your manager for the specific safety rules that apply to you, and to discuss any limitations your vaccination status places on your ability to contin...

# EXHIBIT "B"



Deletion (90 days)                                                Expires  1/24/2022

Dear Dale A Dupree:

After thoroughly evaluating all of the information and documentation you submitted in support of your Request for a Religion-based Exemption from the COVID-19 Vaccination Requirement, it has been determined that your request is not based on a sincerely held belief in a religious doctrine or teaching that prevents you from obtaining any COVID-19 vaccine. Therefore, your request has been **DENIED**. CASE NUMBER: 40888062

*If your request for an exemption under the COVID-19 Vaccine Policy was previously approved on a **provisional** basis, you were notified that the decision to approve, and actions taken to accommodate the exemption, are subject to change based on frequently changing conditions, such as COVID-19 infection levels, and changes in public health guidance, legal requirements, and KP policies and practices. As a result of these changing conditions, a further review of your exemption request recently took place.*

As a result, you will be required to submit proof in HRconnect that you completed a COVID-19 vaccine series:

- **immediately** to avoid being placed on an **unpaid leave of absence**; and
- **on or before November 30** to avoid having your **employment terminated effective December 1**

**NOTE:** Employees may continue to work and will not be placed on leave of absence if they HAVE COMPLETED their vaccine series by September 30, 2021 (i.e., one dose of J&J; second dose of either Moderna or Pfizer), **except** where full vaccination is required by law or public health order. Where full vaccination is required, employees without approved exemptions must remain off work until they have completed a COVID-19 vaccine series **and** the 14-day waiting period.

# EXHIBIT "C"

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Los Angeles District Office
255 East Temple St, 4th Floor
Los Angeles, CA 90012
(213) 785-3090
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 09/30/2023

**To:** Dale Dupree
421 n 12th st
AUMSVILLE, OR 97325
Charge No: 551-2022-01957

EEOC Representative and email:     PATRICIA KANE
Deputy Director
Patricia.Kane@eeoc.gov

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 551-2022-01957.

On behalf of the Commission,

Digitally Signed By:Christine Park-Gonzalez
09/30/2023

Christine Park-Gonzalez
District Director

# EXHIBIT "D"

OCT 28·

# Date Calculator: Add to or Subtract From a Date

Enter a start date and add or subtract any number of days, months, or years.

Count Days    **Add Days**    Workdays    Add Workdays    Weekday    Week №

Advertising

From **Saturday, September 30, 2023**
Added 90 days

## Result: Friday, December 29, 2023

## Calendar showing period from September 30, 2023 to December 29, 2023

| September 2 | | | | | October 20 | | | | | November 2 | | | | | December 2023 | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 0 days added | | | | | 31 days adde | | | | | 30 days adde | | | | | 29 days added | | | | | | |
| Sun | Mon | Tue | Wed | Tl | Sun | Mon | Tue | Wed | Tl | Sun | Mon | Tue | Wed | Tl | Sun | Mon | Tue | Wed | Thu | Fri | Sat |
| | | | | | | 1 | 2 | 3 | 4 | 5 | | | | 1 | 2 | | | | | | 1 | 2 |
| 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 1 | 5 | 6 | 7 | 8 | 9 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
| 10 | 11 | 12 | 13 | 1 | 15 | 16 | 17 | 18 | 1 | 12 | 13 | 14 | 15 | 1 | 10 | 11 | 12 | 13 | 14 | 15 | 16 |
| 17 | 18 | 19 | 20 | 2 | 22 | 23 | 24 | 25 | 2 | 19 | 20 | 21 | 22 | 2 | 17 | 18 | 19 | 20 | 21 | 22 | 23 |
| 24 | 25 | 26 | 27 | 2 | 29 | 30 | 31 | | | 26 | 27 | 28 | 29 | 3 | 24 | 25 | 26 | 27 | 28 | 29 | 30 |
| | | | | | | | | | | | | | | | 31 | | | | | | |

☐ = Start date (Sep 30, 2023)    ☐ = Final result date (Dec 29, 2023)



**Time & Date Calculator App for iOS**

See how long remains before a deadline or exactly when those 30 days are up.



© Time and Date AS 1995–2023